IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                                                              ) | |
|         Plaintiff,                                     ) | |
|                                                              ) | Case No. 06-CR-0090-001-CVE |
| v.                                                           ) | |
|                                                              ) | USM Number: 09967-062 |
| ANTWONE BENNETT,                      ) | |
|  aka Devon Martin,                             ) | |
|                                                              ) | |
|         Defendant.                                  ) | |

## OPINION AND
## ORDER REDUCING SENTENCE

Before the Court is defendant's Motion for Reduction of Sentence (Dkt. # 20) wherein defendant requests that his sentence be reduced pursuant to 18 U.S.C. § 3582(c), and the government's response thereto (Dkt. # 22), offering no objection to a reduction of sentence provided said reduction is not less than the guideline range as determined by Amendment 706. Further, although conceding a downward variance is legally unavailable, defendant, for the purpose of preserving the issue for the future, requests that the Court grant a variance.

At the original sentencing, the Court imposed an imprisonment term of 84 months as to Count Two based on application of USSG §2D1.1, which resulted in a total offense level 25 and a sentencing range of 84 to 105 months. Retroactive Amendment 706, which revises §2D1.1, reduces the base offense level two levels for a total offense level of 23, resulting in an amended guideline range of 70 to 87 months. Because Amendment 706 results in a reduced guideline range, defendant is eligible for sentence modification pursuant to § 3582(c). After review of the facts of this case, consideration of the effect of Amendment 706 and all § 3553(a) factors, and the agreement of the parties that defendant's sentence should be reduced, the Court finds that good cause exists for

reduction of defendant's sentence within the revised guideline range. Accordingly, defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 20) is **granted**.

As to defendant's request for a downward variance, this Court is without authority to grant such a motion. In consideration of a § 3582(c) motion, the district court is bound by USSG §1B1.10, which does not permit a modified sentence that falls below the amended guideline range. Therefore, a reduction in sentence below the amended sentencing guidelines range at a § 3582 sentence modification proceeding is impermissible because it would be inconsistent with the policy statement in §1B1.10. See United States v. Rhodes, 549 F.3d 833, 849 (10th Cir. 2008), cert. denied, 129 S.Ct. 2052 (U.S. Apr. 27, 2009).

**IT IS THEREFORE ORDERED** that the Motion for Reduction of Sentence (Dkt. # 20) is **granted**; defendant's request for a downward variance is **denied**.

**IT IS FURTHER ORDERED** that the term of imprisonment imposed in Count Two is reduced to a term of 70 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the judgment are unchanged and shall remain the same as originally entered.

**DATED** this 31st day of July, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT